THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTY OF WESTCHESTER,<br><br>*Plaintiff*,<br><br>v.<br><br>ACTAVIS HOLDCO US, INC.;<br>ACTAVIS ELIZABETH LLC;<br>ACTAVIS PHARMA, INC.;<br>ALVOGEN INC.;<br>AMNEAL PHARMACEUTICALS, INC.;<br>AMNEAL PHARMACEUTICALS, LLC;<br>APOTEX CORP.;<br>AUROBINDO PHARMA USA, INC.;<br>BAUSCH HEALTH AMERICAS, INC.;<br>BAUSCH HEALTH US INC.;<br>BARR PHARMACEUTICALS, LLC;<br>BRECKENRIDGE PHARMACEUTICAL, INC.;<br>CAMBER PHARMACEUTICALS, INC.;<br>CARACO PHARMACEUTICAL LABORATORIES LTD.;<br>CITRON PHARMA LLC;<br>DAVA PHARMACEUTICALS, LLC;<br>DR. REDDY'S LABORATORIES, INC.;<br>ENDO INTERNATIONAL PLC;<br>FOUGERA PHARMACEUTICALS INC.;<br>G & W LABORATORIES;<br>GENERICS BIDCO I, LLC;<br>GLENMARK PHARMACEUTICALS, INC.;<br>GREENSTONE LLC;<br>HERITAGE PHARMACEUTICALS, INC.;<br>HIKMA LABS, INC.;<br>HIKMA PHARMACEUTICALS, USA, INC.;<br>IMPAX LABORATORIES, INC.;<br>JUBILANT CADISTA PHARMACEUTICALS, INC.;<br>LANNETT COMPANY, INC.;<br>LUPIN PHARMACEUTICALS, INC.;<br>MAYNE PHARMA USA INC.;<br>MORTON GROVE PHARMACEUTICALS, INC.; | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, County of Westchester |

| |
|---|
| MUTUAL PHARMACEUTICAL CO., INC.; |
| MYLAN INC.; |
| MYLAN PHARMACEUTICALS, INC.; |
| MYLAN N.V.; |
| OCEANSIDE PHARMACEUTICALS, INC.; |
| PAR PHARMACEUTICAL, INC.; |
| PERRIGO NEW YORK, INC.; |
| PFIZER, INC.; |
| SANDOZ, INC.; |
| SUN PHARMACEUTICAL INDUSTRIES, INC.; |
| TARO PHARMACEUTICALS USA, INC.; |
| TELIGENT INC.; |
| TEVA PHARMACEUTICALS USA, INC.; |
| TORRENT PHARMA INC.; |
| UDL LABORATORIES, INC.; |
| UPSHER-SMITH LABORATORIES, LLC; |
| URL PHARMA, INC.; |
| VALEANT PHARMACEUTICALS NORTH AMERICA, LLC; |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; |
| VERSAPHARM, INC; |
| WEST-WARD COLUMBUS, INC.; |
| WEST-WARD PHARMACEUTICALS CORP.; |
| WOCKHARDT USA LLC; and |
| ZYDUS PHARMACEUTICALS (USA), INC., |
| |
| *Defendants.* |

Defendants Bausch Health Americas, Inc.; Valeant Pharmaceuticals North America, LLC (n/k/a Bausch Health US, LLC);[1] and Oceanside Pharmaceuticals, Inc. (collectively, the "Bausch Defendants") hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. This removal arises under 28 U.S.C. §§ 1331, 1337, 1367, 1441(a), and 1446.

---

[1] Plaintiff incorrectly named "Bausch Health US Inc." as a defendant. Bausch Health US Inc. does not exist.

2

## INTRODUCTION

1. On August 30, 2021, Plaintiff County of Westchester filed a Summons and Complaint captioned *County of Westchester v. Actavis Holdco US, Inc., et al.*, Index No. 61946/2021, in the Supreme Court of the State of New York, County of Westchester (the "State Court Action"). The Summons and Complaint in the State Court Action ("Summons and Complaint") are attached as Exhibit A.

2. In the Complaint, the County of Westchester alleges causes of action against each defendant for (1) breach of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26; (2) breach of the Donnelly Act, New York General Business Law § 340, *et seq.*; and (3) unjust enrichment under New York law. *See* Compl. ¶¶ 4268–4312. The County of Westchester seeks a declaratory judgment; treble damages applied jointly and severally; damages in the form of restitution and/or disgorgement; restitution, including disgorgement of profits obtained through unjust enrichment; permanent injunction; pre- and post-judgment interest; costs of suit; and any such relief the court deems just and appropriate. *Id.* at Sec. XVI.

3. The Complaint relates to and is based on a common set of factual allegations made in other pending complaints against the same defendants related to the sale of generic pharmaceuticals in the United States that have been consolidated by the Judicial Panel for Multidistrict Litigation before The Honorable Cynthia Rufe in the United States District Court for the Eastern District of Pennsylvania. The multidistrict litigation is captioned *In Re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 2:16-md-02724-CMR. Plaintiff's causes of action arise out of alleged facts and alleged antitrust violations that are at issue in that multidistrict litigation. Compl. ¶ 4.

4. On September 2, 2021, the Summons and Complaint were served on: Bausch Health Americas, Inc. (f/k/a Valeant Pharmaceuticals International); Valeant Pharmaceuticals North America, LLC (n/k/a Bausch Health US, LLC); and Oceanside Pharmaceuticals, Inc.[2]

5. On September 2, 2021, the Summons and Complaint were served on Fougera Pharmaceuticals Inc.

6. On September 8, 2021, the Summons and Complaint were served on Pfizer, Inc.

7. As reflected by the docket in the State Court Action and upon information and belief, no other defendant has been served as of the filing of this notice of removal. A copy of the docket entries in the State Court Action is attached as Exhibit B. Copies of all documents filed in the State Court Action other than the Summons and Complaint are attached as Exhibit C.

**THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

8. This Court has original federal question jurisdiction over plaintiff's federal antitrust claims under 15 U.S.C. § 15(a) and 28 U.S.C. §§ 1331 and 1337. Because the Sherman Act is "subject to judicial interpretation solely by the federal courts," the "federal courts have exclusive jurisdiction over federal antitrust lawsuits." *Johnson v. Nyack Hosp.*, 964 F.2d 116, 122 (2d Cir. 1992).

9. This Court possesses supplemental jurisdiction over plaintiff's New York state law claims for unjust enrichment and breach of the Donnelly Act because those claims are interrelated with the federal antitrust claims, arise from the same common nucleus of operative facts as the

---

[2] Although the County of Westchester provided a summons addressed to "Valeant Pharmaceuticals International, Inc.," to an agent for service of process for Bausch Health Americas, Inc. (f/k/a Valeant Pharmaceuticals International), Valeant Pharmaceuticals International, Inc., is not a United States corporation, does not have an agent for service of process in the United States, does not operate in the United States, and has not been served. The companies formerly known as Valeant Pharmaceuticals International and Valeant Pharmaceuticals International, Inc. are two separate legal entities.

federal claims, and therefore "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

10. This matter is therefore properly removable to this Court on the basis of federal question and supplemental jurisdiction.

## THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

11. This Notice of Removal is properly filed in the United States District Court for the Southern District of New York because the Supreme Court for the State of New York, County of Westchester, is located within the Southern District of New York. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 112(b).

12. The Bausch Defendants were served with the Summons and Complaint on September 2, 2021, and have therefore timely filed this Notice of Removal within 30 days of being served. *See* 28 U.S.C. § 1446(b)(1), (b)(2)(B).

13. Counsel for Pfizer, Inc. and Fougera Pharmaceuticals Inc., defendants that have been served in the State Court Action, consent to the removal of this action to federal court.

14. Upon information and belief, no other defendants have been served. All defendants that have been properly joined and served have agreed to removal. 28 U.S.C. § 1446(b)(2)(A), (C).

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and true and correct copies of all process, pleadings, and orders served upon the Bausch Defendants are attached as Exhibits A–C. 28 U.S.C. § 1446(a).

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the plaintiff and a copy, along with a Notice to Clerk of Removal, will be

promptly filed with the Clerk of the Supreme Court of the State of New York, County of Westchester.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Dated: September 21, 2021

Respectfully Submitted,

_____
Robin D. Adelstein
Mark A. Robertson
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Bausch Health Americas, Inc.; Valeant Pharmaceuticals North America, LLC (n/k/a Bausch Health US, LLC); and Oceanside Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

On September 21, 2021, I caused to be served the foregoing Notice of Removal via email (with permission of counsel) on the following counsel for Plaintiff County of Westchester; counsel for Pfizer, Inc.; and counsel for Fougera Pharmaceuticals Inc.:

Salvatore C. Badala
Alastair J.M. Findeis
Thomas A. Narducci
NAPOLI SHKOLNIK PLLC
360 Lexington Ave., 11th Floor
New York, NY, 10017
Tel: (212)397-1000
Fax: (646) 843-7603
sbadala@napolilaw.com
afindeis@napolilaw.com
tnarducci@napolilaw.com

Ilana H. Eisenstein
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheidman
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
edward.scheideman@dlapiper.com

Saul P. Morgenstern
Margaret A. Rogers
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
margaret.rogers@arnoldporter.com

saul.morgenstern@arnoldporter.com

Laura S. Shores
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com

_____
Mark A. Robertson